IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHAWN HUBBARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-1227-KAJ |
| | ) | Cr. A. No. 03-04-KAJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM ORDER**

**I.    INTRODUCTION**

Petitioner Shawn Hubbard filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 41) The Government filed its answer in opposition, and Hubbard filed a reply brief. (D.I. 45; D.I. 46) For the reasons discussed, I will deny Hubbard's § 2255 motion without holding an evidentiary hearing.

**II.    PROCEDURAL AND FACTUAL BACKGROUND**

On July 10, 2003, Hubbard pled guilty to one count of possession of a firearm by a person prohibited in violation of 18 U.S.C. § 922(g)(1). On September 30, 2003, I sentenced Hubbard to 40 months incarceration, 3 years of supervised release, and a $100 special assessment. The judgment of conviction was entered on October 1, 2003. Hubbard did not file a direct appeal for review by the United States Court of

Appeals for the Third Circuit. Instead, he filed the pending § 2255 motion on September 2, 2004.

## III. DISCUSSION

The relief sought under 28 U.S.C. § 2255 is reserved for extraordinary circumstances. *See Brecht v. Abrahamson,* 507 U.S. 619 (1993). Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the Untied States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Although § 2255 includes a provision for a prompt evidentiary hearing, a federal court may deny a § 2255 motion without holding an evidentiary hearing if the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy,* 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255.

The sole claim in Hubbard's timely filed § 2255 motion asserts that I violated *Blakely v. Washington*, 542 U.S. 296 (2004) by increasing his offense level two points due to my determination that the firearm he possessed had an obliterated serial number.[1] More specifically, Hubbard contends that the enhancement was illegal

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. § 2255; *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616, 619 n.1 (3d Cir. 1998). Hubbard did not appeal his conviction, therefore, AEDPA's one-year filing period began to run on October 17, 2003, the day after the ten day period for filing such

because the presence of the obliterated serial number was not proven to a jury beyond a reasonable doubt or stipulated to with appropriate *Blakely* waivers. (D.I. 41, at 3) Although Hubbard cites *Blakely* as the relevant authority, the issue he raises challenges my application of the federal sentencing guidelines and is more appropriately raised pursuant to *United States v. Booker,* 543 U.S. 220 (2005). *See Lloyd v. United States*, 407 F.3d 608, 611 (3d Cir. 2005). Therefore, I will review the claim pursuant to *Booker*.

The Third Circuit has held that "*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* was issued." *Lloyd*, 407 F.3d at 616. Here, the record conclusively shows that Hubbard's judgment of conviction became final on October 16, 2003,[2] well before the *Booker* decision was issued. Accordingly, I will deny Hubbard's § 2255 motion without an evidentiary hearing, because the principles announced in *Booker* do not apply retroactively to Hubbard's case.

---

an appeal expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); Fed. R. App. P. 4(b)(1)(A)(imposing a 10 day period in which to file a timely notice of appeal); Fed. R. App. P. 26(a)(excluding Saturdays, Sundays, and Columbus Day when the time-period is less than 11 days); *see Wilson v. Beard*, 426 F.3d 653, 662-63 (3d Cir. 2005) (holding that Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period). Thus, Hubbard's September 4, 2004 § 2255 motion was timely.

[2]Hubbard's judgment of conviction was entered on October 1, 2003, and he did not file a direct appeal. Therefore, his judgment of conviction became final on October 16, 2003. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)(where the defendant does not file a timely direct appeal, his conviction and sentence become final on the date on which the time for filing such an appeal expired); Fed. R. App. P. 4(b)(1) (in a criminal case, a defendant must file a notice of appeal within ten days after the entry of judgment); Fed. R. App. P. 26 (computation of time-period).

## IV. CONCLUSION

For the reasons stated, I will dismiss Hubbard's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Additionally, I will not issue a certificate of appealability because Hubbard's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. *See* 28 U.S.C. § 2253(c)(2)(A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; Local App. R. 22.2.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Petitioner Shawn Hubbard's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED, and the relief requested therein is DENIED. (D.I. 41)

2. I decline to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

UNITED STATES DISTRICT JUDGE

Wilmington, Delaware
December 6, 2006

4